# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-1637-JCH |
| | ) | |
| ST. LOUIS POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by Missouri State prisoner Joseph Michael Devon Engel, registration number 1069055. For the reasons explained below, the Court will dismiss this action for want of subject matter jurisdiction, and deny as moot plaintiff's motion for leave to proceed *in forma pauperis*.

### Legal Standard

Pursuant to 28 U.S.C. § 1915A, this Court is required to review a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. A pleading that states a claim for relief must contain: a "short and plain" statement of the basis for jurisdiction, a "short and plain statement of the claim showing that the pleader is entitled to relief," and a "demand for the relief sought." Fed. R. Civ. P. 8(a). Additionally, a district court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### The Complaint

Plaintiff filed the instant complaint on or about November 18, 2020. He prepared the complaint using this Court's form "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983."

He named 13 defendants: the State of Missouri, the Governor, the Lieutenant Governor, the Attorney General, the Assistant Attorney General, the St. Louis Police Department, the St. Louis City Police Commissioner, the St. Louis City Police Chief, the St. Louis City Under Chief, the St. Louis City Mayor, the St. Louis City Prosecutor's Office, and defendants identified as "Senator" and "House Rep Mo." Plaintiff specifies he sues the defendants in their official capacities. Plaintiff also filed a motion for leave to proceed *in forma pauperis*.

The complaint is one of more than one hundred and thirty (130) complaints plaintiff has filed *pro se* and *in forma pauperis* in this Court since September of 2020 to repeatedly sue State and local officials, including most of the instant defendants, for alleged civil rights violations. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated in § 1915(e)(2)(B), or because plaintiff failed to comply with Court orders directing him to file an amended complaint. As of December 21, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

In the instant complaint, plaintiff indicates he is a "civilly committed detainee." However, review of publicly-available Missouri Department of Corrections ("MDOC") records shows he is actually a convicted and sentenced state prisoner. Plaintiff clearly indicates the specific amount of damages he seeks from each defendant. Those amounts range from 50 trillion to 900 trillion dollars. However, plaintiff gives no indication of the claims he wishes to bring against any defendant. Instead, in the section of the form complaint provided for plaintiff to set forth the statement of claim and the injuries he suffered, he wrote only: "See Attch Sheet." He provided no additional pages with the complaint.

**Discussion**

"Article III, § 2, of the United States Constitution ... limits the subject matter jurisdiction of federal courts to actual cases and controversies." *McClain v. American Economy Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005). "Subject matter jurisdiction ... is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991). Here, because the complaint contains no claims for relief, it does not present a justiciable case or controversy. While federal district courts must liberally construe *pro se* pleadings, courts are not required to construct claims on behalf of *pro se* plaintiffs. Because there is no basis for the Court to conclude it has subject matter jurisdiction over this action, the Court will dismiss this action at this time. *See* Fed. R. Civ. P. 12(h)(3); *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971) ("where jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte*."). The Court will also deny as moot plaintiff's motion to proceed *in forma pauperis*.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction. A separate order of dismissal will be entered herewith. as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **DENIED**

Dated this 13th day of March, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE